UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WILLIAM D. QUICK, JR.,

                    Plaintiff,

v.                                               Case No.  5:05-cv-73-Oc-10GRJ

JO ANNE B. BARNHART, Commissioner of
the Social Security Administration,

                    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

      Pending before the Court is Defendant's Motion to Dismiss or in the Alternative

for Summary Judgment (Doc. 5) and Plaintiff's Response thereto.  (Doc. 7.)  Defendant

requests that the Court dismiss Plaintiff's Complaint (Doc. 1) pursuant to F. R. Civ. P.

12(b)(6) for failure to state a claim, or alternatively that the Court enter summary

judgment in favor of Defendant, because Plaintiff filed the Complaint more than sixty

days after receipt of notice of the Commissioner's final administrative decision.  In

response, Plaintiff asserts that the Court should equitably toll the running of the sixty

day limitation period and allow Plaintiff's claims to proceed.

## I.  BACKGROUND

      On January 28, 2005, Plaintiff filed his Complaint for review of a final decision of

the Commissioner denying disability insurance benefits.  For the purposes of ruling on

---

[1]Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

Defendant's Motion to Dismiss, the Court accepts as true the facts as pled in Plaintiff's Complaint.

The Complaint discloses the following pertinent details.  Plaintiff filed an application for disability insurance benefits on July 30, 2001.  On July 25, 2003, the Administrative Law Judge ("ALJ") issued a decision unfavorable to Plaintiff.  The Appeals Council denied Plaintiff's request for review of the ALJ's decision on November 4, 2004.[2]  The Appeals Council Notice ( a copy of which has been filed by Plaintiff) bears the date stamp "RECEIVED Nov - 8 2004."  The Notice of Appeals Council Action informed Plaintiff that he may file a civil action for review of the Commissioner's decision within sixty days of receipt of the Notice.  The Notice also stated that receipt is presumed to occur within five days after the date of the Notice.  Additionally, Plaintiff was informed in the Notice of Appeals Council Action that with good reason he may request an extension of time in which to file a civil action.

## II. DISCUSSION

In her Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 5),[3] Defendant argues that summary judgment should be granted for the Defendant because Plaintiff failed to file his Complaint for judicial review within sixty days of receipt of the Notice of Appeals Council Action.  In response - while conceding that the Complaint was filed more than sixty days after receipt - Plaintiff argues that the statute

---

[2] Because Plaintiff has attached a copy of the Notice of Appeals Council Action to his Complaint, the Court will consider that decision as part of the Complaint.

[3] Because Defendant has presented matters outside the pleading, in the form of a sworn declaration attached to her Motion (Doc. 5), and Plaintiff has introduced additional factual matters in his Response (Doc. 7), the Court will treat the Commissioner's motion as one for Summary Judgment.  See F. R. Civ. P. 12(b).

of limitations should be equitably tolled.  For the reasons that follow, the Court finds that summary judgment should be granted in favor of Defendant.

As an initial matter, pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In Celotex Corp. v. Catrett, the Supreme Court recognized that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[4]  The moving party bears the initial burden of establishing the nonexistence of a triable issue of fact.  If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove."[5]  The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried.[6]

Pursuant to 42 U.S.C. § 405(g), following an unfavorable final decision of the Commissioner, a disappointed Social Security disability benefits claimant "may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of

---

[4]  477 U.S. 317, 322 (1986).

[5]  Rollins v. Techsouth, 833 F.2d 1525, 1528 (11th Cir. 1987).

[6]  Celotex, 477 U.S. at 324.

Social Security may allow."  The Social Security Administration regulations reiterate and explain the application of the sixty day limitation period created by Congress.  In cases where the Appeals Council has denied a request for review of an ALJ's decision, a civil action seeking judicial review of that decision "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the [ALJ's] decision . . . is received by the individual . . . ."[7]  The regulations further provide that the date of receipt of the Appeals Council's notice "shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."[8]

In her Motion, Defendant states that Plaintiff filed his Complaint on January 28, 2005, more than sixty days after the presumed receipt of the Commissioner's final decision on November 9, 2004.  In support of her position Defendant submits, as an attachment to her Motion, the "Declaration of Jean-Claude Aumont," Acting Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, in the Social Security Administration's Office of Hearings and Appeals.  Mr. Aumont avers that he is the administrative official responsible for processing claims when a civil action is filed against the Commissioner within the state of Florida.  After reviewing the file relating to Plaintiff's claim, Mr. Aumont states that the Appeals Council mailed notice of its decision to the Plaintiff on November 4, 2004.  Mr. Aumont represents that he is not aware of any request by Plaintiff for an extension of time in which to file a civil action.

---

[7] 20 C.F.R. § 422.210(c) (2003).

[8] 20 C.F.R. § 422.210(c) (2003).  See also 20 C.F.R. §§ 404.901, 404.981 (2003)

Finally, Mr. Aumont states that Plaintiff filed his civil action in this Court on January 28, 2005. Review of the docket confirms that the Complaint was filed on January 28, 2005.

In his Response to Defendant's Motion, Plaintiff's counsel confirms that he received the Notice of Appeals Council Action on or about November 8, 2004. According to Plaintiff's counsel, upon receipt of the Notice of Appeals Council Action, counsel's staff entered the sixty day limitation into a computer software program, utilized by counsel for case management functions.  Without providing any explanation, Plaintiff's counsel advises that the computer program did not provide notification to Plaintiff's counsel of the impending expiration of the limitation period, as Plaintiff's counsel assumed it would.  Plaintiff's counsel admits that he did not file his Complaint until January 28, 2005, approximately three weeks after the expiration of the limitations period,[9] but represents that neither Plaintiff nor his counsel could have "done anything to avert the delayed filing of the complaint."  Additionally, Plaintiff recognizes that the Commissioner may extend the time for filing a civil action upon request of a Plaintiff,[10] but Plaintiff does not suggest that he requested an extension of time, nor that good cause would have existed for such an extension.

After reviewing the Complaint, together with the materials filed by both parties, the Court finds that there is no genuine issue as to any material fact regarding Plaintiff's failure to comply with the sixty day statute of limitations for requesting judicial review of

---

[9] Using the presumed receipt date of five days following the date of the notice, or November 9, 2004, the sixty day limitation period expired on January 10, 2005.  Using the date Plaintiff's counsel actually received the Notice, the sixty day limitation period expired on January 7, 2005.  For purposes of this Order, it is immaterial which of these dates is considered the expiration of the limitations period.

[10] See 20 C.F.R. § 422.210(c) (2003) (Time for filing a civil action requesting judicial review of an ALJ's decision "may be extended by the Appeals Council upon a showing of good cause.").

the Commissioner's final decision.  The Notice of Appeals Council Action was dated

November 4, 2004.  By regulation, absent a reasonable showing to the contrary, Plaintiff

presumably received the Notice on November 9, 2004.  Plaintiff has made no attempt to

show that he received the Notice subsequent to that date.[11]  Plaintiff could have filed a

civil action requesting judicial review of the Commissioner's decision on or before

January 10, 2005.[12]  However, Plaintiff did not file the instant action until January 28,

2005, well outside of the allowed time for filing such an action.  At no time did Plaintiff

request an extension of time in which to file a civil action.

Accordingly, summary judgment is due to be entered for the Defendant because

Plaintiff failed to file the complaint within the applicable statute of limitations. The only

reason to excuse the late filing would be if Plaintiff is entitled to equitable tolling of the

limitations period. The Court concludes, however, that there are no reasons advanced

to support equitable tolling of the statute of limitations.

The Supreme Court has determined that under appropriate circumstances a

"traditional equitable tolling principle" may apply to the sixty day limit created by 42

U.S.C. § 405(g).[13]  Thus, courts may toll the statute of limitations, but "only upon finding

an inequitable event that prevented plaintiff's timely action."[14]  "The burden is on the

---

[11] In fact, Plaintiff admits to having received the Notice on November 8, 2004, through counsel.

[12] The sixtieth calendar day following November 9, 2004 is January 8, 2005, but because January 8 was a Saturday, Plaintiff could have filed the action on or before January 10, 2005, the following Monday. See F. R. Civ. P. 6(a).

[13] Bowen v. City of New York, 476 U.S. 467, 480, 106 S. Ct. 2022, 2030 (1986)

[14] Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993) (internal citations omitted).

plaintiff to show that equitable tolling is warranted."[15]  The interests of justice sufficient to support equitable tolling are most often aligned with the plaintiff: (1) "when the defendant misleads [the plaintiff] into allowing the statutory period to lapse"; (2) "when [the plaintiff] has no reasonable way of discovering the wrong perpetrated against her; or (3) "when [plaintiff] timely files a technically defective pleading and in all other respects acts with 'the proper diligence' ..."[16]  In contrast the interests of justice do not support equitable tolling, when "the plaintiff does not file her action in a timely fashion despite knowing or being in a position reasonably to know that the limitations period is running" or "when [the plaintiff] fails to act with due diligence. . . ."[17] And even when a plaintiff is generally diligent, if the plaintiff files late due to his own negligence, then he typically will not be entitled to equitable tolling of the statute of limitations.[18] Because a plaintiff is seeking to invoke equity when requesting a court to equitably toll a statute of limitations, it follows that such equitable principles "do not extend to what is at best a garden variety claim of excusable neglect."[19]

Plaintiff's sole argument advanced in support of equitable tolling is based on the length of time between the date he filed his application for benefits with the Commissioner and the date the Appeals Council rendered its decision. Plaintiff argues that filing this action approximately twenty-five days late is "paltry" when compared to

---

[15] Id. (internal citations omitted).

[16] Id. (internal citations omitted).

[17] Id. (internal citations omitted).

[18] Id.

[19] Id. at 1480.

the forty months during which his claim proceeded through the various levels of review before the Commissioner's agency.

In *Wakefield v. Railroad Retirement Board*,[20] the claimant there similarly argued that equitable tolling was justified because the Board had substantially delayed in the processing of his claim and, thus, it would be fundamentally unfair to excuse the Board's delay in handling its business while penalizing the claimant for missing the deadline to file by a month.[21]  The Eleventh Circuit concluded that these reasons did not support tolling the filing period.[22]  Simply because time was not of the essence to one party - and thus not prejudicial  - is insufficient to justify tolling an explicit limitations period.[23]  Further, the *Wakefield* Court rejected any argument based on fundamental unfairness because "even if the Board's processes are too slow and involve too much delay, one wrong does not justify another."[24]

Here, as in *Wakefield*, Plaintiff has failed to offer sufficient reasons to establish that the interests of justice support equitable tolling of the statute of limitations. Plaintiff's only proffered reason for tolling - the putative delay by the Commissioner in reaching her final decision - does not justify resort to equitable principles of tolling. There is nothing in the record to suggest that the Commissioner mislead the Plaintiff in

---

[20] 131 F.3d 967 (11th Cir. 1997).  The Eleventh Circuit has held that the "provisions of the Railroad Retirement Act are so closely analogous to those of the Social Security Act that regulations and cases interpreting the latter are applicable to the former."  Elam v. Railroad Retirement Board, 921 F.2d 1210, 1213 (11th Cir. 1991) (citing Goodwin v. Railroad Retirement Board, 546 F.2d 1169, 1172 (5th Cir. 1977)).

[21] Wakefield, 131 F.3d at 969.

[22] Id. at 970.

[23] Id.

[24] Id.

any way with regard to the deadline for filing the Complaint in this case. Indeed,  the Notice sent by the Commissioner explicitly informed Plaintiff of the period of time in which a civil action must be filed.  The Plaintiff's failure to do so is solely attributable to lack of diligence or oversight. While irreparable harm may result from the late filing such a consequence is the result of the excusable neglect of Plaintiff's counsel, a circumstance for  which equity will not intervene.

Accordingly, because Plaintiff is not entitled to equitable tolling of the sixty day limitations period for filing a civil action, summary judgment is due to be granted in favor of Defendant.

### III.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that:

(1) Defendant's Motion for Summary Judgment (Doc. 5) be **GRANTED**; and

(2) the Clerk be directed to enter judgment for the Defendant, terminate all pending motions, and close the file.

**IN CHAMBERS** in Ocala, Florida, on April 4, 2005.

GARY R. JONES
United States Magistrate Judge

Copies to:
The Honorable Wm. Terrell Hodges
Senior United States District Judge

Counsel of Record